**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Owners Insurance Company,<br><br>            Plaintiff,<br>vs.<br><br>Jerica Sherer, et al.,<br><br>            Defendants. | No. CV-07-8112-PCT-PGR<br><br>ORDER |

In a complaint filed on October 29, 2007, the plaintiff alleges that the Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Having reviewed the complaint, the Court finds that the jurisdictional allegations therein are insufficient as a matter of law to establish the existence of subject matter jurisdiction.  The Court will therefore require the plaintiff to file an amended complaint properly stating a jurisdictional basis for this action.  *See* 28 U.S.C. § 1653; *see also,* Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926) ("The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.")

The jurisdictional allegation concerning defendants Jerica Sherer and Irma Speirs is facially deficient because it merely states that they are "residents of Yavapai County, Arizona." It is black letter law that allegations of residency do not suffice for purposes of § 1332. *See* Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905) ("It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction."); *accord*, Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiffs' complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of diversity jurisdiction.")

The complaint is also facially deficient because there are no jurisdictional allegations regarding defendants John Doe Sherer, John Doe Speirs, or VIP Communications.

The plaintiff is advised that its failure to timely file an amended complaint that cures the pleading deficiencies noted in this Order shall result in the dismissal of this action for lack of subject matter jurisdiction.[1] Therefore,

IT IS ORDERED that the complaint is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the plaintiff shall file an amended

---

[1] The plaintiff is also advised that the capitalization of the parties' names in the caption of the complaint violates LRCiv 7.1(a)(3).

complaint properly stating a jurisdictional basis for this action no later than **November 9, 2007.**

IT IS FURTHER ORDERED that the plaintiff shall immediately serve a copy of this Order upon any defendant who has already been served with process.

DATED this 30th day of October, 2007.

Paul G. Rosenblatt
United States District Judge